UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINZEY SMITH, #17569-045,

                Plaintiff,        Civil Action No. 13-13079
                                       Honorable Mark A. Goldsmith
                                       Magistrate Judge David R. Grand

v.

FEDERAL BUREAU OF ALCOHOL,
TOBACCO, FIREARMS, AND EXPLOSIVES,

                Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [19]

Before the Court is the Motion for Summary Judgment filed on March 14, 2014, by Defendant Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). (Doc. #19). *Pro se* Plaintiff Linzey Smith ("Smith"), an incarcerated person, submitted a response to this motion on April 24, 2014 (Doc. #22), and ATF filed a reply brief in support of its motion on May 12, 2014 (Doc. #23).[1]

An Order of Reference was entered on November 13, 2013, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. §636(b). (Doc. #2). Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. L.R. 7.1(f). Here, the Court finds that the facts and legal issues are adequately presented in the briefs and on the record, and it declines to order a hearing at this time.

---

[1] Smith also filed a sur-reply on June 9, 2014. (Doc. #24). Motion practice rules do not provide for the filing of such briefs, *see* E.D. Mich. L.R. 7.1(e), and Smith did not request permission to file it. However, as Smith is representing himself *pro se*, and considering the document's brevity (about two pages of text), the Court will consider his sur-reply.

I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that ATF's Motion for Summary Judgment **[19]** be **GRANTED** and Smith's complaint be dismissed in its entirety and with prejudice.

II. REPORT

A. Background

Smith is an inmate who is confined at the Federal Correctional Institution in Milan, Michigan. (Doc. #1 at ¶2). Smith brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, against ATF for refusing to release firearms trace records pertaining to a firearm involved in his criminal conviction. (*Id.* at ¶¶8-17).

On or about March 20, 2004, Smith was involved in an altercation where he was alleged to be in possession of a firearm. (Doc. #19-2). Having previously been convicted of a felony, Smith was charged with being a felon in possession of a firearm in the Eastern District of Washington. (*Id.*). At trial, Smith alleged that the firearm was not his property, but instead that it belonged to the person with whom he had the altercation. (Doc. #1 at ¶9). Ultimately, Smith was found guilty, sentenced to 262 months imprisonment, and, eventually, transferred to FCI Milan. (*Id.* at ¶¶ 8-9; Doc. #19-3).

On October 17, 2011, Smith submitted a FOIA request form to the ATF, stating, "I'm requesting the f[u]ll history on a firearm, to wit: a Glock Model 23, .40 caliber semiautomatic pistol, serial number BBU664US and Golck [sic] .40 caliber cartridge magazine, labeled 'restricted LE/Govt only' feeding device." (Doc. #19-4 at ¶4 and Ex. A). According to Smith, this is the firearm he was found guilty of unlawfully possessing. (Doc. #1 at ¶¶8-10). On November 15, 2011, ATF's Disclosure Division received Smith's FOIA request and sent him a

2

letter advising him that a response would be mailed within twenty business days. (Doc. #19-4 at ¶4 and Ex. B). On the same day, the Disclosure Division forwarded Smith's request to the Special Agent in Charge of ATF's Seattle Field Division in order to conduct a search for records responsive to Smith's FOIA request. (*Id.* at ¶6). The Seattle Field Division conducted a search for all responsive records, retrieved the files, and sent them to the Disclosure Division on December 6, 2011. (*Id.* at ¶¶11-14).

In reviewing the responsive records, two trace documents relating to Smith's criminal case file were located: (1) a Firearms Trace Summary; and (2) a National Tracing Center Trace Request Form. (*Id.* at ¶16). However, the Disclosure Division concluded that it could not disclose the records because, pursuant to the Consolidated Appropriations Act of 2010, Pub. L. No. 111-117, 123 Stat. 3034, no appropriated funds may be used to disclose the contents of the Firearms Trace System database, except in limited circumstances that do not include responses to FOIA requests. (*Id.* at ¶17). On December 28, 2011, the Disclosure Division advised Smith of its conclusion via mail and provided him with directions to appeal the decision to the Justice Department's Office of Information Policy ("OIP"). (*Id.* at ¶7 and Ex. C).

Smith appealed ATF's denial of his FOIA request to the OIP on March 2, 2012. (*Id.* at ¶8 and Ex. D). On July 25, 2012, the OIP notified Smith by mail that it was affirming the conclusion of ATF's Disclosure Division, citing the Consolidated Appropriations Act of 2008, Pub. L. No. 110-161, 121 Stat. 1844. (*Id.* at ¶10 and Ex. F). The letter also informed Smith that he could appeal the OIP's decision by filing a lawsuit in federal district court. (*Id.* at Ex. F). This civil action followed.

In general, Smith alleges that the firearms trace information he seeks in his FOIA request is not exempt from disclosure. (Doc. #1 at ¶14). Smith contends that he has been damaged by

the withholding of this information, claiming that the trace records and history of the firearm will provide a basis for vacating his criminal conviction. (*Id.* at ¶¶10, 12). He further claims that he has exhausted all administrative remedies to compel disclosure of the information, that he cannot compile the information independently, and that without the information he will have no remedy at law. (*Id.* at ¶¶13, 15). Finally, he contends that the denial of his request suggests that ATF intends to deny all subsequent FOIA requests for similar information. (*Id.* at ¶16). Smith asks this Court to compel ATF to disclose the documents responsive to his FOIA request and issue a declaratory judgment stating that the records requested are not exempt and are subject to mandatory disclosure under the FOIA. (*Id.* at 4).

### B. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, the Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pitmann v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource* 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving

party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not resist on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558.

**C. Analysis**

In its motion for summary judgment, ATF argues that it properly withheld the requested records pursuant to FOIA Exemption 3, which permits the withholding of information specifically exempted from disclosure by another statute if the statute either "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. §552(b)(3). Specifically, ATF asserts that the Consolidated Appropriations Act of 2008 provides, in relevant part, that no funds appropriated under that (or any other) Act may be used to disclose part or all of the contents of the Firearms Trace System database maintained by the National Trace Center of ATF. (Doc. #19 at 12-16). As set forth in greater detail below, the Court finds merit to this argument.

*1. The Applicable Legal Framework*

Aside from certain exceptions, the FOIA requires that agencies promptly provide requested records to any persons who reasonably describe the records they seek. 5 U.S.C. §552(a)(3)(A); *see Rugiero v. Dep't of Justice*, 257 F.3d 534, 543 (6th Cir. 2001) ("The FOIA generally provides that every federal agency shall promptly make available upon request records reasonably described."). The purpose "that animates the FOIA" is "public access to Government

5

documents," *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989), as well as "ensur[ing] an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

This public access to government documents is not absolute, however, as 5 U.S.C. §552(b) provides nine exemptions to the FOIA. Courts are to construe these exemptions narrowly, *FBI v. Abramson*, 456 U.S. 615, 630 (1982); *Rugiero*, 257 F.3d at 543, though "the burden is on the agency to sustain its action," 5 U.S.C. §552(a)(4)(B). However, the Supreme Court has "recognized that the statutory exemptions are intended to have meaningful reach and application." *John Doe Agency*, 493 U.S. at 152. Ultimately, "the structure of the [FOIA] reflects 'a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language.'" *Rugiero*, 257 F.3d at 543 (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 360-61 (1976) (citation omitted in original)).

When reviewing an agency's consideration of a FOIA request, courts apply a *de novo* review. 5 U.S.C. §552(a)(4)(B). Furthermore, courts will typically resolve FOIA cases at the summary judgment stage and prior to plaintiffs conducting discovery. *Rugiero*, 257 F.3d at 544 (citing *Jones v. FBI*, 41 F.3d 238, 242 (6th Cir. 1994)). "This…creates a situation in which a plaintiff must argue that the agency's withholdings exceed the scope of the statute, although only the agency is in a position to know whether it has complied with the FOIA unless the court reviews a potentially massive number of documents *in camera*." *Id.* (citing *Jones*, 41 F.3d at 242). To address this situation, courts routinely implement the "Vaughn Index," in which the agency describes the responsive records and sufficiently explains its reasons for redacting or

withholding the records, allowing courts to independently review the agency's claims for FOIA exemption. *Id*. (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)).

Generally, an agency's justifications are entitled to a good faith presumption. *Id.* (citing *Jones*, 41 F.3d at 242 (citing *U.S. Dep't of Justice v. Ray*, 502 U.S. 164, 179 (1991)). Unless there is evidence contradicting the agency's affidavits, or that establishes bad faith on the part of the agency, "the court's primary role is to review the adequacy of the affidavits and other evidence." *Id.* (citing *Ingle v. Dep't of Justice*, 698 F.2d 259, 265 (6th Cir. 1983) (quoting *Cox v. U.S. Dep't of Justice*, 576 F.2d 1302, 1312 (8th Cir. 1978)), *overruled on other grounds by U.S. Dep't of Justice v. Landano*, 508 U.S. 165 (1993)). The government agency's decision should be upheld as long as it fairly describes the content of the records, adequately states the grounds for nondisclosure, and the grounds for nondisclosure are reasonable and consistent with applicable law. *Id.* (citing *Ingle*, 698 F.2d at 265 (quoting *Cox*, 576 F.2d at 1312)).

In this case, Smith acknowledges that the withheld records have been fairly described and that ATF has adequately stated the grounds for its determination of nondisclosure. (Doc. #22 at 3 ("[T]he government has a duty to fairly describes [sic] the content of the AFT data withheld which they have did [sic] in the case herein and adequately state its grounds for nondisclosure this has also occurred in the case herein….")). Therefore, the sole remaining issue is whether ATF's determination of nondisclosure is reasonable and consistent with the applicable law.

> 2.  *ATF's Application of the Consolidated Appropriations Act of 2008 is Reasonable and Consistent with the Applicable Law*

In denying Smith's FOIA request, ATF relies on Exemption 3, which exempts from disclosure records that are:

> [S]pecifically exempted from disclosure by statute (other than section 552b of this title), if that statute--

> (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or
>
> (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and
>
> (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph.

5 U.S.C. §552(b)(3). The statutory provision that ATF claims satisfies Exemption 3 is the Consolidated Appropriations Act of 2008 ("the Act")[2], which in pertinent part states that "no funds appropriated under this or any other Act may be used to disclose part or all of the contents of the Firearms Trace System database maintained by the National Trace Center of [ATF]." Pub. L. No. 110-161, 121 Stat. 1844. As noted above, for a statutory provision to satisfy Exemption 3, it needs to be either non-discretionary, 5 U.S.C. §552(b)(3)(A)(i) ("subsection (A)(i)"), or establish particular criteria for withholding or refer to particular types of matters to be withheld, 5 U.S.C. §552(b)(3)(A)(ii) ("subsection (A)(ii)"). Here, the Court finds that the Act meets both of these requirements, so ATF's determination that the Act satisfies Exemption 3 of the FOIA is reasonable and consistent with applicable law.

---

[2] It should be noted that the Consolidated Appropriations Act of 2010, Pub. L. No. 111-117, 123 Stat. 3034, was the statutory provision initially referenced by ATF. (Doc. #19-4 at 2-6 and Ex. C). Subsequently, the Consolidated Appropriations Act of 2008, Pub. L. No. 110-161, 121 Stat. 1844 has been used to support ATF's determination. (Doc. #19 at 9, 14; Doc. #19-4 at Ex. F). Likely, this is because the Consolidated Appropriations Act of 2010 does not appear to satisfy subsection 5 U.S.C. §552(b)(3)(B) of Exemption 3, which requires statutes enacted after the enactment date of the OPEN FOIA Act of 2009 to specifically cite to the Exemption 3 paragraph to be applicable. However, this issue need not be addressed here as the Consolidated Appropriations Act of 2008 does satisfy that subsection, and – as will be discussed below – provides a permanent prohibition against disclosure that is not limited to the fiscal year of the appropriated funds granted therein. Consequently, only the application of the Consolidated Appropriations Act of 2008 to Exemption 3 will be discussed.

      a.      The Act Satisfies Subsection (A)(i) of
Exemption 3 Because it is Non-Discretionary

The Act's statutory language leaves ATF with no discretion when it comes to disclosure of records from the Firearms Trace System database. *See City of Chicago v. U.S. Dep't of Treasury*, 423 F.3d 777, 781-82 (7th Cir. 2005) (holding that similar statutory language in the Consolidated Appropriations Act of 2005 provided ATF with no discretion when deciding if Firearms Trace System records could be disclosed). The Act has been interpreted as prohibiting the use of any funds when it states that "no funds appropriated under this or any other Act may be used."[3] Furthermore, it does not limit the prohibition on disclosure to only certain records in the Firearms Trace System, but instead prohibits the disclosure of "part or all" of the database's contents. This language of the Act leaves no discretion as pertains to agency disclosure of records from the Firearms Trace System, and it therefore satisfies Exemption 3 through

---

[3] In a Declaration submitted in opposition to ATF's motion for summary judgment, Smith argues that there is ambiguity in the Act. (Doc. #22 at 7). Smith contends that because the Act only prohibits the expenditure of *appropriated* funds, ATF has discretion to disclose relevant documents if the party requesting the records "furnish[es] the cost to obtain Trace documents" or if his sentencing judge waives the cost of disclosure. (*Id.*). However, ATF is still left with no discretion to release records from its Firearms Trace System database. *See Penn v. U.S. Dep't of Justice*, 2012 WL 761741, at *5-6 (E.D. Cal. 2012) (holding that ATF had no discretion to release trace records, and thereby rejecting the plaintiff's argument that the restrictions in the Consolidated Appropriations Acts could be bypassed if ATF did not need to expend its own appropriated funds).

     Congress was not merely concerned with budgetary considerations when it prohibited the release of trace records through the Act; rather, it sought to prohibit trace record disclosure in order to protect law enforcement, homeland security, and the privacy of citizens and businesses. *Muhammad v. Dep't of Justice*, 2007 WL 433552, at *2 (S.D. Ala. Feb. 6, 2007) (citing H.R. Rep. No. 576, 108th Cong., 2d Sess.30 (2004) (House Report to the Consolidated Appropriations Act of 2005)); *see also Watkins v. Bureau of Alcohol, Tobacco and Firearms*, 2005 WL 2334277, at *1 (D.D.C. Sept. 1, 2005) (concluding that through the Consolidated Appropriations Act of 2005 Congress "sought to prevent the public release of sensitive firearms trace data not so much for budgetary reasons than out of concern that such disclosures could jeopardize criminal investigations"). Ultimately, the increasingly restrictive language in the Consolidated Appropriations Acts – culminating in the "immune from legal process" language – has made it clear that "Congress' obvious intention…[is] to cut off access to the databases for any reason not related to law enforcement." *City of Chicago*, 423 F.3d at 780.

subsection (A)(i). By satisfying this subsection alone, ATF's application of the Act to Exemption 3 is reasonable and consistent with the applicable law.

> b. The Act Satisfies Subsection (A)(ii) of Exemption 3 Because it Establishes Criteria for Withholding and Refers to Particular Types of Matters to Be Withheld

Furthermore, even if it were the case that the Act's language left some room for agency discretion, it would still satisfy Exemption 3 through subsection (A)(ii), as the Act also establishes particular criteria for withholding and refers to particular types of matters to be withheld. The Act prohibits expenditure of appropriated funds to disclose "part or all of the contents of the Firearms Trace System database maintained by the National Trace Center of [ATF]." Pub. L. No. 110-161, 121 Stat. 1844. With this statutory language, the Act is prohibiting disclosure of any records from ATF's Firearms Trace System, which certainly qualifies as particular criteria for withholding and particular types of matters to be withheld. Indeed, "Congress could not have been more specific about what types of records should be withheld." *City of Chicago*, 423 F.3d at 781. The Act obviously states the criteria for withholding records, satisfying Exemption 3 through subsection (A)(ii). As there is no dispute in this case that the records requested meet the criteria for withholding records under the Act, and the Act satisfies subsection (A)(ii) of Exemption 3, ATF's determination that it could not disclose the records is reasonable and consistent with the applicable law.

Finally, the application of the Act to Exemption 3 is reasonable and consistent with the applicable law because the Act is a permanent law that does not merely apply to a single fiscal year.[4] Although it is an appropriations bill for the fiscal year of 2008, the pertinent paragraph

---

[4] Furthermore, an appropriations act is a valid statute that can satisfy Exemption 3 when Congress clearly expresses its intent. *See City of Chicago*, 423 F.3d at 782 (citing *Robertson v. Seattle Audubon Society*, 503 U.S. 429, 440 (1992) ("Congress...may amend substantive law in an appropriations statute, as long as it does so clearly."); *Metro Broadcasting, Inc. v. FCC*, 497

begins by stating "[t]hat, beginning in fiscal year 2008 and *thereafter*, no funds appropriated under this or *any other Act* may be used to disclose part or all of the contents of the Firearms Trace System database." Pub. L. No. 110-161, 121 Stat. 1844 (emphasis added). The Act's prohibition on disclosure continues beyond fiscal year 2008 ("and thereafter"), and it also extends to all other laws ("any other Act"). The prohibition on the expenditure of appropriated funds to disclose records from the Firearms Trace System, therefore, extends laterally to other existing laws, but also prospectively and beyond fiscal year 2008.

c. Other Courts Have Held that the Act Satisfies Exemption 3

ATF convincingly demonstrates that various Consolidated Appropriations Acts prohibiting the expenditure of appropriated funds to disclose Firearms Trace System records "unquestionably qualify as Exemption 3 statutes." (Doc. #19 at 15). The case law cited by ATF shows that courts have consistently held that the restrictive language in these acts satisfies the requirements of Exemption 3. (*Id*. at 16 (citing *McRae v. Dep't of Justice*, 869 F. Supp. 2d 151, 163 (D.D.C. 2012); *Skinner v. Dep't of Justice*, 2010 WL 3832602, at *16 (D.D.C. Sept. 30, 2010); *Singh v. FBI*, 574 F. Supp. 2d 32, 46 (D.D.C. 2008); *Miller v. Dep't of Justice*, 562 F. Supp. 2d 82, 111 (D.D.C. 2008); *Muhammad*, 2007 WL 433552, at *1-2)). The ample case law is further evidence that ATF's nondisclosure determination is reasonable and consistent with applicable law.

In his response to ATF's motion for summary judgment, Smith argues that because none of these cases are binding on the Sixth Circuit, there is a "dispute of…law." (Doc. #22 at 4).

---

U.S. 547, 578 n. 29 (1990) ("Appropriations Acts, like any other laws, are binding because they are 'passe[d][by] both Houses ... and signed by the President.'"), *vacated on other grounds by Adarand Constructors, Inc. v. Pena*, 515 U.S. 200 (1995)). In the present case, Congress made its intent very clear that no funds appropriated through the Act, as well as subsequent acts, were to be used to disclose part or all of the records in the Firearms Trace System database.

11

However, Smith does not raise any argument or precedents to distinguish the present case from those cited. As far as can be seen, there is no dispute of law across various courts, and the courts have consistently held that the agency's application of the Act to Exemption 3 is valid. Also, Sixth Circuit law states that the government agency must show that its determination is "reasonable and consistent with applicable law." *Rugiero*, 257 F.3d at 544 (quoting *Ingle*, 698 F.2d at 265 (quoting *Cox*, 576 F.2d at 1312)).

Applicable law is not limited to only Sixth Circuit precedents, but encompasses all applicable case law, including the statutory language of the FOIA and the statute that is being claimed to satisfy the relevant exemption. Not only does the Act satisfy the statutory requirements of Exemption 3, the case law cited by ATF further demonstrates that its determination is reasonable and consistent with applicable law. Accordingly, ATF's determination should be upheld and summary judgment granted. *See Id.* ("If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the government's position.") (quoting *Ingle*, 698 F.2d at 265 (quoting *Cox*, 576 F.2d at 1312)).

### d. Smith's Remaining Arguments are Not Persuasive

In his response to ATF's motion for summary judgment, Smith advances additional arguments: specifically, that there is a strong presumption of disclosure in FOIA cases; that Exemption 3 does not apply because the records he seeks pertain to a criminal investigation or prosecution; and that, rather than granting summary judgment, this Court should conduct an *in camera* review of the records located by ATF in order to ensure that ATF is not acting in bad faith in declining to disclose them. (Doc. #22 at 2-4; Doc. #24 at ¶¶4-6). Each of these arguments will be discussed in turn.

As an initial matter, Smith is correct that there is a strong presumption of disclosure in FOIA cases. (Doc. #22 at 2 (citing *Ray*, 502 U.S. 164)). However, just as the Supreme Court held in *Ray* that document redaction was allowed because it was expressly authorized by the FOIA, *Ray*, 502 U.S. at 174, the withholding of Firearms Trace System records pursuant to the Act is also expressly authorized by the FOIA through Exemption 3. As the FOIA expressly provides for statutory exceptions to disclosure under Exemption 3, and it has been shown that the Act satisfies the requirements of Exemption 3, ATF's determination of nondisclosure is still reasonable and consistent with applicable law despite a presumption of disclosure.

Smith also argues that, "Exemption 3 must be considered to be 'inapplicable'" because the records relate to a criminal investigation or prosecution, and that he is entitled to the trace records, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), because they are "favorable to [him] raising a claim of 'actual innocence.'" (Doc. #22 at 2-3). It is not entirely clear what Smith means by the former argument. Two possibilities are readily apparent, but, regardless, neither implicates an exception to nondisclosure in the Act. As for the latter argument, Smith is misapplying the holding in *Brady*.

Smith's argument that Exemption 3 is inapplicable because the trace records pertain to a criminal investigation or prosecution appears to be based on two possible arguments grounded in the language of the Act itself. The first argument would be based on an express exception in the Act: "no funds appropriated under this or any other Act may be used to disclose part or all of the contents of the Firearms Trace System database…except to…a Federal, State, local, tribal, or foreign law enforcement agency, or a Federal, State, or local prosecutor, solely in connection with and for use in a criminal investigation or prosecution." Pub. L. No. 110–161, 121 Stat 1844. This appears to be the more likely argument, as Smith mirrors the "criminal investigation

13

or prosecution" language in his argument. (Doc. #22 at 3). If so, Smith's use of this exception fails. Although the exception allows for appropriated funds to be spent disclosing trace records in connection to a criminal investigation or prosecution, the disclosure of the records is limited to various law enforcement or government entities. Notwithstanding the underlying criminal investigation or prosecution, Smith does not qualify for the Act's exception because he is not a law enforcement officer or government agent.

A possible second argument based on Smith's underlying criminal investigation or prosecution would strike at the "immune from legal process" provision of the Act. In reference to the Firearms Trace System records, the Act states that "all such data shall be immune from legal process…in a *civil action*." Pub. L. No. 110–161, 121 Stat 1844 (emphasis added). At first glance, this language suggests that the immunity from legal process does not extend to criminal cases. However, if this is the argument that Smith intends to make, it still does not apply to his FOIA request. This action under the FOIA is in fact a civil action, and the Sixth Circuit has held multiple times that "a FOIA request is not a substitute for the normal process of discovery in civil and criminal cases." *Rugiero*, 257 F.3d at 547 (quoting *Jones*, 41 F.3d at 250 (citing *John Doe Agency*, 493 U.S. at 153)). Similarly, despite a claim that the records could be instrumental in overturning his criminal conviction, a FOIA case places neither Smith's criminal case, nor the "propriety of his conviction," before this Court. *Muhammad*, 2007 WL 433552 at *2. Ultimately, "[t]he Consolidated Appropriations Act prohibits disclosure under the circumstances of this case regardless of the reasons the information is requested." *Id.*

Furthermore, Smith misconstrues *Brady*, and the case's holding does not apply to the present case. In *Brady*, the plaintiff had been convicted of murder while the prosecution suppressed a confession to the murder by a co-defendant in the criminal trial. *Brady*, 373 U.S. at

14

84. The Supreme Court held that "suppression *by the prosecution* of evidence favorable to an accused upon request violates due process where the evidence is *material either to guilt or to punishment.*" *Id.* at 87 (emphasis added). This means that for the withholding of evidence to be a violation of Smith's due process, the withholding of the records would need to be as a result of prosecutorial suppression, and the records would need to amount to exculpatory evidence that is material to his guilt or punishment.

The Firearms Trace System records that Smith is requesting are not being withheld by a prosecutor at trial, but are rather being withheld by ATF pursuant to the Act and Exemption 3 in response to Smith's post-conviction FOIA request. Furthermore, the trace records that would identify the registered owner of the firearm are not material to Smith's guilt or punishment. *See United States v. Williams*, 223 F. App'x 441, 444 (6th Cir. 2007) (holding that gun registration evidence is "neither determinative nor particularly relevant" in 18 U.S.C. §922(g) cases because the prosecution only needs to show that the accused "possessed the gun, not that he was its legal owner"). As the trace records are not material, exculpatory evidence that is being withheld by the prosecution, the holding in *Brady* does not apply to Smith's case.

In sum, Smith's underlying criminal prosecution and conviction has no relevance to his FOIA request. Smith is not a law enforcement or government entity, so he does not qualify for the exception in the Act that allows for disclosure of Firearms Trace System records to such parties. The language in the Act that appears to limit the "immunity from legal process" provision to civil actions does not impact this case as it is a civil action, and a FOIA case does not place the propriety of Smith's criminal case or conviction before the Court. Finally, the holding in *Brady* does not apply here, as the trace records are not material to Smith's guilt or

15

punishment in his criminal prosecution. As Smith's underlying criminal case is not relevant to his FOIA request, it does not overcome ATF's application of the Act to Exemption 3.

Smith also argues that the Court should conduct an *in camera* review of the documents withheld, which is permitted by the FOIA. 5 U.S.C. §552(a)(4)(B). However, the use of *in camera* review is a discretionary matter, and courts should consider: "(1) judicial economy; (2) actual agency bad faith, either in the FOIA action or in the underlying activities that generated the records requested; (3) strong public interest; and (4) whether the parties request *in camera* review." *Rugiero*, 257 F.3d at 543 (citing *Ingle*, 698 F.2d at 267). "This circuit, however, encourages use of *in camera* review sparingly, when no other procedure allows review of the agency's response to a FOIA request." *Id*. (citing *Ingle*, 698 F.2d at 267). In the present case, there is already a sufficient procedure to review ATF's determination, and Smith has provided neither evidence nor arguments indicating bad faith. Therefore, granting Smith's request for *in camera* review of the trace records would be improper and counter to judicial economy.

As noted above, the standard procedure for reviewing agency determinations of FOIA requests is the "Vaughn Index," which requires the agency to describe the responsive records it is withholding and to provide the grounds for the redaction or withholding of the records. *Id.* (citing *Vaughn*, 484 F.2d 820). Also previously noted, *supra* at 7, Smith has conceded that ATF has met its burden in this regard. (Doc. #22 at 3). The only issue to then be resolved is if ATF's determination is reasonable and consistent with applicable law. As demonstrated above, that final issue can be readily resolved without an *in camera* review of the documents. Therefore, there is already sufficient information and procedure to review ATF's determination in regards to Smith's FOIA request, and using *in camera* review would be improper.

The Court also notes that there is no apparent evidence of bad faith in either ATF's actions in the FOIA request or the underlying activities which generate the trace records, and Smith has not provided any arguments or evidence that would indicate bad faith. Smith correctly cites *Jones v. FBI* in stating that even without evidence of bad faith in regards to the FOIA action itself, there may be evidence of bad faith regarding the underlying activities that generated the records at issue. (*Id.* (citing *Jones*, 41 F.3d at 242)). However, Smith does not then provide any evidence that would suggest bad faith. In *Jones v. FBI*, the evidence was that COINTELPRO, a program within the FBI, had a well-documented history of infringing on civil liberties. *Jones*, 41 F.3d at 243. There is no such evidence in the present case. Smith does nothing more than state that bad faith is a possibility, but he offers neither evidence nor arguments that in any way indicate actual bad faith. Because there is no evidence of bad faith, and because ATF's determination can be readily reviewed based on "Vaughn Index" criteria, it would be improper for the Court to conduct an *in camera* review of the trace records that are at issue.

### III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that ATF's Motion for Summary Judgment **[19]** be **GRANTED** and Smith's complaint be dismissed in its entirety and with prejudice.

Dated: June 24, 2014　　　　　　　　　　　　s/David R. Grand  
Ann Arbor, Michigan　　　　　　　　　　　　DAVID R. GRAND  
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific

objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 24, 2014.

                                                 s/Eddrey O. Butts  
                                                 EDDREY O. BUTTS  
                                                 Case Manager